Case No. 24-2312, Haran v. Orange Business Services. Good morning. May it please the Court, my name is Leon Fisher and I represent Appellant Patricia Haran. Ms. Haran respectfully requests that the Court reverse the District Court's decision to dismiss her FMLA interference and retaliation claims. As to her interference claim, the lower court erred in dismissing it where Appellee's threats, scrutiny and criticism discouraged Ms. Haran from exercising her rights under the FMLA and where Appellee failed to apprise her of her rights in the first place. As to her retaliation claim, the lower court erred in dismissing the retaliation claim where Ms. Haran provided information sufficient to notify Appellee that the FMLA may apply, but Appellee failed to further inquire and Ms. Haran was not required to expressly invoke the FMLA as Appellee argues. The facts here are relatively simple. Ms. Haran began working for Appellee in May of 2017. In or about October of 2020, her teenage daughter was diagnosed with what was believed to be a bone tumor. She was supposed to have a surgery and then it was... I'm sorry to interrupt. We're familiar with the facts, but can we skip ahead to... Sure, sure. Your interference claim, Mr. Kimig, in his criticism of Ms. Haran's performance, as I understand, did not mention taking time off in any way. So is your theory that the FMLA protects an employee from general performance criticism if she perceives it as pressure regarding leave? No, Your Honor. What we are arguing is that the criticisms of her, which were the first of their kind, occurred after she started to... after she asked for leave, after she took the leave, and the comment that was made to her about her lack of focus was also the first of its kind and came on the heels of her taking this time off for her daughter. She had never been told before that there was a lack of focus. All of a sudden after taking leave, she was... and while she was... In the absence of evidence about specifically referencing leave, you would have us start to read into sort of the nature of the criticism to infer an FMLA claim. Yes, Your Honor. I mean, I think what we have to look at is the totality of circumstances here. You're saying there's an issue of fact. I am saying that there's an issue of fact as to whether or not her performance was in fact... But the district court, as I understood it, didn't reach the question, is there sufficient evidence to establish that the motive for her adverse treatment was having taken leave? The court said, as I understand it, that she loses because you cannot have a claim of interference absent a denial of leave. That is correct. And so that element is what's at issue from the prima facie case. It's whether... Can you help me out a little bit? This was an employer that had a paid time off policy, right? Yes, Your Honor. Okay. Because the FMLA, of course, gives unpaid leave. And I would assume most employees would take paid leave rather than unpaid leave. How much paid leave time did she have under the employer's policy? She had not exhausted her leave, is my understanding. Okay. She had time remaining, but she was never given an opportunity to elect the FMLA versus sick leave or any other form of PTO. Is the claim that if she had been told about the FMLA, she would have taken unpaid leave rather than paid leave? Our claim is that she would have continued to take leave regardless. She started her leave... Right. But then you just told me she still had paid leave time. Yes, Your Honor. And I'm trying to figure out how much, because one of the concerns the district judge says is that your client didn't specify when or how much leave she would have taken. So I'm not sure whether we're talking about another four days, another four weeks. I can clarify that, Your Honor. So her daughter was out of... Her daughter had surgery on October 15th of 2020. Ms. Herron returned to work a mere five days later after this major surgery. Right. Her daughter continued to... She takes a total of eight and a half days off. And her daughter continued to be at home recovering until November 18th of 2020, which we do allege in our papers. And so she would have at least at a minimum continued to be home with her daughter after... And how much time is that? So that would have been roughly six weeks. Roughly six weeks. Roughly six weeks. And you don't know offhand how much paid time off she had. I don't know exactly how much paid time off she had. But again, Your Honor... Why isn't the FMLA claim premature? I mean, I understand where if she hadn't been told by the time she exhausted her paid time off leave that she could then take further leave, if that's your claim, under the FMLA. Until that happened, what is her claimed injury? Sure. So her claimed injury is that in the absence of notice, in the absence of understanding her rights, which she was entitled to receive, she didn't know that her leave would have been protected. But she didn't even take her paid time off, all of her paid time. Well, she returned because she was pressured to return. She was told, she's a salesperson, or was a salesperson, and as a salesperson, she was told, we're going to take away one of your key accounts, the Pfizer account. So the injury is that she was deterred from taking more than the eight and a half days she actually... Correct, Your Honor. That is certainly the case. If that's right, then how does the retaliation claim work? How can you retaliate against something that didn't happen? So, Your Honor, you can have both interference and retaliation. You can have an interference claim where there's a failure... No, but under your theory, I understand that as a general matter, but under your theory where the injury is a deterrence from time that was never taken, how can you have retaliation against that? So the issue is that if you rely on the employer designating the leave as FMLA, it disincentivizes employers from designating leave as FMLA. All that's required is for her to have exercised her rights, which she did by asking for the leave, putting them on notice. She's not required to expressly invoke the FMLA. Put another way, the retaliation claim is separate. In other words, the interference claim, and I'm not saying I necessarily agree with this, but the interference claim is about being deterred from taking further leave. Correct. In fact, the retaliation claim is about being retaliated against for the leave that she did take. Absolutely. And that leave was not designated as FMLA leave. Correct, Your Honor. But this is the issue on which you have the Department of Labor in your corner, I think. Yes. You are saying that what counts is whether the leave qualified for FMLA leave. That if she takes a leave, however it's designated by her or by the employer, that the employer should be aware would qualify as FMLA leave. And then she's retaliated against for doing that. That, you and the Department of Labor say, would be a good retaliation claim. And that retaliation claim is based on the leave that she did take, while your interference claim is premised on the leave that she didn't take. That is accurate, Your Honor. This all seems like a tough row to hoe in front of a jury, but that's not for us. And there are maybe issues that the district court did not reach as to whether, at least on the first claim, and maybe even on the second, I mean, the question of is there enough evidence of motive is something that we often see in all kinds of discrimination and retaliation cases. But we'd have to reach, if we were to say she doesn't have enough evidence that anyone at the company did have a motive of retaliation or interference, we'd have to be searching the record ourselves and making a decision in the first instance because that's not what the district court did. That's correct, Your Honor. They didn't reach those issues. Just to follow up on that. What if she, let's say just going back to, I guess, Judge Raggio's premise that she was aware there was notice of FMLE leave being an option, but she chose for various reasons to prefer paid time off. And that's what she took. Can she still have a retaliation claim for an FMLE leave she did not exercise? I would opine no at that point. And what's the difference? Well, the difference is here. She wasn't given a choice. And that's precisely why the reliance on Wall and its progeny is misplaced here. Because in those cases- So if there's no choice, can you still attempt to exercise FMLE leave? I would say that if there's no choice, yes. Because all that's required is that you notify the employer. You provide information sufficient for it to determine whether the FMLE applies. That in and of itself is an exercise of rights. May I ask, assume for a moment we are persuaded by your argument just now. On the retaliation claim, you relied primarily on the proximity of what occurred here to satisfy your prima facie case burden. But once the defendant offers its non-retaliatory reasons, what more do you have at the final step of analysis to support that this was motivated by your taking leave? Absolutely. By your FMLE rights? Sure. So we're speaking of pretext. So as to pretext, there are many facts that establish pretext. There were shifting reasons given for her termination. During the termination meeting, she was first told, oh, well, you didn't meet your 2020 quota. Which she did, in fact, meet. And when she retorted that she met it, they then turned to, oh, well, you're not expected to meet your 2021 quota. This is mere two months into the calendar year. And they hadn't even given her a quota. So she didn't even know what benchmark she was up against. Additionally, there were unreasonable expectations at that point. She had, they acknowledge, Apelli acknowledges that several of her accounts had fallen apart because of reasons that predated her or were outside of her control. Additionally, she had met with Mr. Kimmick in February, mere weeks before she was terminated, with a solid plan for how she could increase her pipeline. And she was not given any feedback at that meeting that this is insufficient, we don't see this working. So all these factors, as well as temporal proximity, lend themselves to pretext. But these, those facts were not discussed by the district court. They were not. And I don't remember many of them from your brief. I may be mistaken about that. But I'm not trying to complain about it because your argument is actually not about that. It's about a rather abstract question of law, which is the question that the district court decided. Yes, Your Honor. Two abstract questions, one on interference and one on retaliation. And the district court cut you off based on legal reasoning about each of those issues which you contest. If you were to win here, I take it you don't disagree that the district court would still have the opportunity to address whether you have made a sufficient factual record to back up the claims that you are making, which you want us to decide whether it's a legitimate claim or not. Certainly, Your Honor. Yes, that is accurate. Yes.  Okay. Thank you, counsel. Thank you. You have a couple minutes for rebuttal. Mr. Guilfoyle. Good morning, Your Honors. May it please the court. Justin Guilfoyle of Baker Hostetler on behalf of Defendant Appelli, Orange Business Services. Appelli respectfully submits that this court should affirm the district court's grant of summary judgment dismissing Ms. Horan's FMLA interference and FMLA retaliation claims. First, Ms. Horan's FMLA interference claim was properly dismissed for two main reasons. First, she was given all of the time off that she requested and as such she was not denied benefits under the FMLA, which is a necessary element of an interference claim. That's not what we said in Kemp, right? I mean, the district court didn't have the benefit of Kemp when it decided this, but after the district court's decision, the Kemp case said that that is not an absolute requirement. In other words, that you could have an interference claim that is not predicated on the denial of leave. And that is correct, Your Honor, and that's where Ms. Horan's second attempt to plead or satisfy an interference claim where she was dissuaded from taking additional leave. Right. But on the grounds that there, in our view and Judge Ho's view, there was no dissuasion, then the fact that she was given all time off precludes her interference claim. Well, so in other words, the issue of the fact that she was granted paid time off leave is a bit of a red herring. You're saying she can't base a claim just on that, but she's not making that claim. She's making a claim of interference via deterrence. Right, and that was raised more in opposition to summary judgment. So that's what we have to decide. That's what was decided in summary judgment. Yes, and Your Honor, to address your question to appellant earlier, the district court did address Ms. Horan's supervisor's comments, alleged comments, behavior, and actions, and found that there were case law where significantly more egregious behavior was found not to dissuade a reasonable employee from taking additional leave. I believe that's the Golden case, and there's a couple other that the court cites there. With respect to the interference claim, it really is, in your view, a kind of garden variety summary judgment issue as to whether the factual record makes out enough of a... enough of a case to get to the jury on the question of motives. That's correct, Your Honor. And I believe the district court did address it. They went through threats to remove her from an account. The factual record shows that it was actually an attempt by her supervisor to offer assistance to have someone come and help her with the account, not that the account would be taken away from her. There's case law here that heightened scrutiny is not enough. The Hakone's case, criticizing, even berating, an employee's subjective job performance is not enough to assert a claim for interference. Undue criticism, the DiGiovanna case, without inquiring as to what her supervisor meant, plaintiff claimed that she understood that he was discouraging her. I believe that came up in the initial argument as well, that Ms. Horan subjectively interpreted actions and comments to be dissuading her or telling her not to take more leave. But the case law is clear that that's not enough because subjective beliefs alone are not enough to defeat summary judgment. So how about retaliation? Your friend's theory is that the leave could have counted as an MLA-eligible leave, and so that was sufficient to be an attempt to exercise that leave. Understood. And it's an appellee's position that in order to satisfy the first prong of FMLA retaliation claim, which is engaging in protected activity, that you actually have to exercise rights. The Woods Second Circuit case in 2017 uses the words actually exercising. And what, in our position, that appellant and the DOL here, is they're conflating an employee's actions with respect to triggering a notice requirement as to somehow constituting protected activity for a retaliation claim. But I'm clear on that. Is it your position that because what she took was paid time off and not FMLA time that she can't bring a retaliation claim? Is that the thrust of the argument? Yes, that's the thrust of the argument, Your Honor. Well, as I understand it, part of the concern from the plaintiff's perspective is your failure to tell her that she had FMLA rights and that, therefore, she never had the chance to decide whether she would take this time under the FMLA or under your paid leave policy. What's your response to that? And I understand that concern, but that's easily addressed with the fact that there's also an FMLA interference claim. And that's why, if she was... So that has to be the interference claim, the not getting notice? Correct. That's where that's tied to. And that's what appellant and the DOL are trying to graft onto the retaliation claim. That seems awfully technical. I mean, we have the Coutard case, right? Mm-hmm. Now, in the Coutard case, I realize... At least, I don't think it's absolutely controlling here because there, the plaintiff asked for FMLA leave. Uh, and... But, in fact, the application that she made seemed facially, uh, insufficient because it referenced caring for a grandparent. Uh, and what the court said was, well, in fact, uh, if only they had sort of asked for more information or given her more notice of what her rights were, it would have ripened into a real FMLA claim because this was a grandparent who had acted in loco parentis. Right. And that's covered by the act. So what you're saying is, this case, though, we should treat entirely differently because here, she didn't say the words FMLA even though what she asked for on its face would have made her eligible for FMLA leave. It's sort of the converse of Coutard. There, what she asked for on her face would not qualify, but she used the words FMLA and, therefore, she had a good retaliation claim. Here, she didn't ask for FMLA leave although what she presented as the facts did qualify for FMLA leave and the employer could then... I mean, I think this would be a tough sell to a jury, in fact, but the employer could then say, we don't want you around here because you took this leave and that would be okay. Right? I mean, it was a tough sell to the jury. It's a little hard to kind of imagine that this is the state of mind that they said, aha, she asked for something that would qualify as FMLA leave and we don't like that when what they really were thinking was kind of she took paid leave and we don't like that. But somehow, the facts have to be made out as to the retaliation. But I'm just interested in... And I understand. And it's a good point, Your Honor. And I think here, the important thing to remember is that the lack of notice about the FMLA rights or eligibility that this leave may have qualified for FMLA leave is protected under the interference theory. So say she only had 8 1⁄2 days of PTO... Why can't it be both, though? I mean, I see that. It could be interference and maybe it fits more naturally there. But that doesn't mean that it's... I mean, why do they have to be mutually exclusive? Well, they don't have to be. But when you're lacking an actual protected activity to qualify for the first prong of a prima facie case or retaliation claim, that precludes it. So that's here. There was no actually exercising rights. Judge Kodal in Han, in a 2014 decision, uses the word explicitly invoke the FMLA. A plaintiff has to explicitly invoke the FMLA in order to have... But why would that be so? I mean, in our most common retaliation cases, we're thinking about, like, Title VII, right? And the standard there is if you say, oh, I don't like how I've been treated, that's not exercising your rights. But if you say, I think I've been treated in a racially discriminatory manner, you don't have to say, and that's a violation of federal law under Title VII, and here's the U.S. Code citation, you just have to present a complaint that is, in fact, protected by Title VII. Here, what they're arguing is this is the same thing. She asked for something that, on its face, a reasonable employer, a reasonable HR professional would recognize is an FMLA-eligible leave. And if they turned around and fired her because of that, if that was the fact, you're saying that would still be okay because she didn't put the letters FMLA in the application. Not necessarily. She never took leave, never requested FMLA leave. No, she requested this leave. That's what she says she was retaliated against was for the leave that she did take. A handful of paid time off over the course of a month, yes. And I understand your point, Your Honor, but with the Title VII comparison, there's still a requirement that you have to identify the reason that you feel... She did. Didn't she say why? Maybe I'm wrong about the facts. That's altogether possible. But I thought that she said, I need the time off because my daughter has had this serious operation. And she did. I was talking with respect to protesting some unlawful or perceived unlawful activity. That's what the retaliation has to be for. In Title VII, it has to be for complaining about something that is protected by Title VII. And here, the analogy that I'm suggesting, it may not be a perfect analogy, I don't know, is that she asked for what on its face could be FMLA leave. She was granted it. She was granted as paid time off. But if they fired her because of that, because of taking time off to care for her daughter, why isn't that all that's required, if she could establish that? Why do you have to say the words FMLA when you don't have to say the words Title VII? You just have to present a complaint that would qualify. She presented a leave application which would qualify. She presented enough information to provide, to trigger notice back to her, which is goes to the interference claims. But she wasn't given that request. She was given the leave, and then they fired her. And I'm asking if they fired her because she took that leave, if, why wasn't that enough? Well, I think it would fail, obviously, the fourth prong of any causal connection between FMLA protection. That's different. You're essentially conceiving it could state a claim if she could satisfy the causation. No, Your Honor. I think it's... Then tell us why, assume she can satisfy causation, and maybe we'll get to that in a moment. Why, even if she can satisfy causation, is it not a colorable claim? Because the case law in this circuit makes clear that not actually exercising a right. So exercising a right is not simply putting an employer on notice. So actually, because an interference claim... Well, what do you think is actually exercising a right? She takes leave. Requesting FMLA leave or taking FMLA leave? She takes leave. She gets paid for it under the paid time off policy. So are you saying that if she took it and it was paid time off, she could never bring an FMLA claim for retaliation for that time? If she never requested it and never took it? Correct, Your Honor. Never requested... Let's be clear. She requested 100%. Okay. And we'll get to Judge Lynch's point. You're saying she had to have requested FMLA leave? Correct, for purposes of a retaliation claim. And that's what the case law says, that you actually have to explicitly invoke the FMLA. That's the Hahn case from 2014. Well, it's not just the case, it's the reg that says it prohibits discrimination against employees who have used FMLA leave. That is correct, Your Honor. That is a good point. And that is something that the DOL does not address in their brief. So, again, to be sure I understand your argument, does it reduce to, if she could show retaliation, she can only show retaliation for having taken paid time off policy leave, not FMLA leave? Correct. There would be no FMLA retaliation claim where she didn't request... She got retaliated against for using the company's leave. Correct. And you would have sick time, you'd have protections under different laws. I understand the argument then. Thank you, counsel. Thank you, Your Honor. Your Honor, I just want to address a few points that the appellee has made. So, firstly, the fact that she wasn't given all the time off that she requested. She ended up going back prematurely because she was told... Wait, wait, wait. She was given all the time she requested. She wasn't given all the time that in her mind she would have taken. Correct. That's the more correct way to phrase it. I apologize, Your Honor. Also, in terms of whether or not the threats that were made to her amount to sufficient discouragement, and this is a reasonable person in her shoes as a salesperson being told that one of her key accounts is being taken away, would have felt dissuaded from continuing leave. And that's something that a jury should really decide, whether or not it amounted to that. I want to address the answer counsel gave me in response to the last question. Since what your client took was paid time off leave, he's saying if you got retaliated for anything, you got retaliated for taking paid time off, not FMLA time off, how do you deal with that argument? Well, Your Honor, again, it goes back to the fact that she wasn't given an option. It goes back to the fact that she wasn't notified, so she couldn't have elected to take PTO over FMLA or FMLA over PTO. So that would fall under an interference claim. That's what your friend says, and that sounds right to me. And I guess just to sharpen Judge Reg's question, the reg, I read the language to you, it says employees who have used FMLA leave. And the cases also, when they describe a prima facie case, say the first step is the first prong is has exercised rights protected under FMLA. And I guess that one leaves a little bit more wiggle room. But the reg is pretty clear, so. Understood, Your Honor. But the thing is that she wasn't able to decide whether it's FMLA. It, again, incentivizes an employer to say, let's just designate this PTO, and then let's terminate her, and then she won't be able to bring a case because we haven't I mean, we have to live in the real world. You're saying that an employer would rather pay for time off than not pay for time off. I mean, you know, when you say let's just give her paid time off. Well, let's designate it in a way that it's not FMLA leave, whether it's paid or unpaid, and then she can never bring an FMLA retaliation claim. It puts all the power in an employer. If she wasn't retaliated, the argument back would be because she wasn't retaliated against for taking FMLA time. But that's for her jury to decide whether or not her leave of absence, which should have been designated as FMLA, was the basis for her termination. Can I go back to that issue of the proof of causation? As I understood Mr. Guilfoyle's argument and indeed looking back at the briefing, I think this much is correct. The district court did talk about the evidence, the sufficiency of the evidence of causation with respect at least to the interference claim. If we were to agree with the district court that there is insufficient evidence of pretext where it was considered on the interference claim, wouldn't that also sink the retaliation claim? Because it's the same motive. It's really the same idea. It's the same question of was the real issue here her performance or was the real issue her leave taking, however classified, however appropriate or not appropriate as FMLA leave it was. Yes, Your Honor. I mean, to the extent that the court order determined that there's no sufficient evidence of causation, that would affect the retaliation claim as well. That issue was litigated at least explicitly at least with respect to the interference claim. And the district court did indicate that it did not find sufficient proof of pretext. Your Honor, yes, and we dispute that. I understand. Okay. So that is before us, in other words. Yes, Your Honor. Thank you. Thank you, counsel. Thank you both.